UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ALVEN DEANDRE SHARP,

       Petitioner,                          Case No. 16-12335

v.                                          HONORABLE SEAN F. COX

WARDEN THOMAS MACKIE,

       Respondent.
_____/

## **ORDER DENYING PETITIONER'S MOTION FOR RECONSIDERATION [ECF No. 23]**

### **I. Introduction**

In 2016, petitioner Alven Deandre Sharp filed a *pro se* habeas corpus petition challenging his state-court convictions for armed robbery, Mich. Comp. Laws § 750.529, unlawful imprisonment, Mich. Comp. Laws § 750.349b, illegal use of a financial transaction device, Mich. Comp. Laws § 750.157q, interfering with a crime report, Mich. Comp. Laws § 750.483a, and carjacking, Mich. Comp. Laws §750.529a. Petitioner alleged as grounds for relief that (1) the state trial court erroneously denied his motion for an independent forensic evaluation and (2) he was denied effective assistance of counsel when his trial attorney failed to investigate and to confront the complaining witness with the witness's prior conviction for embezzlement. The Court found no merit in Petitioner's claims and denied his habeas corpus petition, but granted a certificate of appealability on Petitioner's first claim.

Petitioner appealed the Court's judgment and applied for permission to expand the certificate of appealability. The United States Court of Appeals for the Sixth Circuit denied

Petitioner's application to expand the certificate of appealability and subsequently affirmed this Court's judgment. *See Sharp v. Parish*, No. 18-2236 (6th Cir. Feb. 12, 2019, and Sept. 12, 2019).

Now before the Court is Petitioner's motion for reconsideration. He seeks reconsideration of the Court's dispositive opinion and judgment on grounds that: he lacked the necessary intent to be found guilty due to his untreated mental illness; he was incompetent during the state-court proceedings; and his trial counsel was ineffective for failing to (i) investigate his history of mental illness, (ii) communicate with him, and (iii) fight for his best interests.

Although Petitioner addressed his motion to the Chief Judge of the United States District Court for the Eastern District of Michigan, this Court entered the dispositive opinion and judgment in Petitioner's habeas case. Therefore, this Court, not the Chief Judge, is the proper court to address Petitioner's request for reconsideration.

## II. Analysis

This District's Local Rules provide that, "[a] motion for rehearing or reconsideration must be filed within 14 days after entry of the judgment or order." LR 7.1(h)(1). In addition, the Court generally

> will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the Court, either expressly or by reasonable implication. The movant must not only demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

LR 7.1(h)(3). "A 'palpable defect' is a defect which is obvious, clear, unmistakable, manifest, or plain." *Hawkins v. Genesys Health Systems*, 704 F. Supp.2d 688, 709 (E.D.

Mich. 2010) (quoting *Ososki v. St. Paul Surplus Lines Ins. Co.*, 162 F. Supp. 2d 714, 718 (E.D. Mich. 2001)).

The Court entered its dispositive opinion and judgment in this case on October 9, 2018. Petitioner did not file his motion for reconsideration until mid-September 2019. His motion is untimely because it was filed more than 14 days after entry of the judgment in this case. Furthermore, the Court's dispositive opinion directly or indirectly addressed Petitioner's claims that he lacked the capacity to commit the crimes and that he was incompetent during the state-court proceedings. Petitioner has not shown that the Court made a palpable error in reaching those conclusions.

Petitioner's claim that trial counsel failed to investigate his history of mental illness, communicate with him, and advance his best interests, is a new ground for relief from the Court's judgment. To the extent Petitioner is asserting a new claim under Federal Rule of Civil Procedure 60(b)(6), his motion is comparable to a second or successive habeas petition and must be treated as such. *Gonzalez v. Crosby*, 545 U.S. 524, 530-32 (2005). The Court has no jurisdiction to adjudicate new claims in a Rule 60(b)(6) motion unless the petitioner first obtains permission from the appropriate court of appeals to assert the claims in a second or successive habeas petition. *See* 28 U.S.C. § 2244(b)(3)(A); *Burton v. Stewart*, 549 U.S. 147, 149, 157 (2007) (concluding that the District Court lacked jurisdiction to entertain a state prisoner's second or successive habeas petition challenging custody because the petitioner failed to comply with the gatekeeping requirements of § 2244(b) and neither sought, nor received, authorization from the Court of Appeals before filing the petition). Because Petitioner has not received permission from the Court of Appeals to file a second or successive petition raising new claims, the

3

Court lacks authority to address the substantive merits of his new claim about trial counsel.

### III.  Conclusion

Petitioner's motion is untimely, and he is raising claims about his competency and criminal responsibility.  The Court directly or indirectly denied those claims in its dispositive opinion, and Petitioner has failed to demonstrate that the Court made a palpable error in rejecting the claims.  Further, to the extent Petitioner is raising a new claim of ineffective assistance of trial counsel in a Rule 60(b)(6) motion, the Court has no jurisdiction to adjudicate the claim until Petitioner receives permission from the Court of Appeals to raise the claim in a second or successive habeas petition.  For all these reasons, Petitioner's motion for reconsideration (ECF No. 23) is denied.

Dated:  January 7, 2020                                      s/Sean F. Cox  
                                                               Sean F. Cox  
                                                               U. S. District Judge